# Exhibit 4

# Plaintiff's Claim for Damages, Injury or Death on Standard Form 95 filed with Defendant.

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions.

FORM APPROROVED OMB NO 1105-0008 EXPIRES 5-31-05

Submit To Appropriate Federal Agency:
Chief Counsel
National Tort Center
U.S. Postal Service
P.O. Box 66640
St. Louis, MO 63166-6640

2. Name, Address of claimant and claimant's personal representative, if any (See instructions on reverse) (Number, street, city, State and Zip Code)
Distribution Postal, Inc., a/k/a
Distribution Postal Consultants, Inc.
c/o Robert B. Scarlett, Esquire
Scarlett & Croll, P.A. **

| TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| MILITARY X CIVILIAN | | | | |

Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof) (Use additional pages if necessary.)

The United States Postal Service allowed Robert Dunebin, d/b/a American Mail Sort and/or American Mail Sort, LLC to terminate and fraudulently transfer, without knowledge, consent or authority of Distribution Postal, Inc. ("DPI") the International customized mail Service Agreement ("ICM") dated April 24, 2002 by and between The United States Postal Service and Distribution Postal, Inc. DPI performed under the terms of the ICM and did not learn until the summer of 2004 that ICM had been fraudulently transferred. DPI has suffered monetary damages in excess of $10,755,197.31 (See attached Complaint and Judgment Order).

## PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side)

See Attached Complaint and Judgment Order

## PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT

## WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| | |

(See instructions on reverse)

## AMOUNT OF CLAIM (in dollars)

| PROPERTY DAMAGE | 12b PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $10,755,197.31 | NONE | NONE | $10,755,197.31 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| SIGNATURE OF CLAIMANT (See instructions on reverse side) | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| [signature] | (410) 468-3100 | 02/27/06 |

**CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM**

The claimant shall forfeit and pay to the United States the sum of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 31 U.S.C. 3729.)

**CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS**

Imprisonment for not more than five years and shall be subject to a fine of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the United States. (See 18 U.S.C.A. 287.)

Previous editions not usable

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

Distribution Postal
0 Frankford Road
Baltimore, MD 21206

[signature]

...s Haber, President

[signature]

Scarlett & Croll, P.A.
201 N. Charles St., Ste. 600
Baltimore, MD 21201

In October of 2004, Distribution Postal filed suit against Robert Dunebin and American Mail Sort and on December 12, 2005. Distribution Postal received a judgment (the "Judgment") against American Mail Sort and Robert Dunebin, jointly and severally, in the amount of $755,197.31, plus $10 million in punitive damages, for a total of $10,755,197.21 (see copy of judgment attached hereto). My client's vice president, Lewis Haber, Sr., immediately f. xed you a copy of the judgment so the Postal Service could comply with the Court order to prevent the continued use by American Mail Sort of Distribution Postal's ICM License.

In addition to the Judgment, and as a result of the Judgment, Distribution Postal discovered that American Mail Sort had been committing fraud on the Postal Service and that fraud investigation, it is Distribution Postal's understanding, is still being investigated.

The reason that I provide you with the above chronology and a copy of the Judgment is that it is Distribution Postal's position that the reason it is not able to comply with the terms and conditions of its ICM license is simply because the Postal Service prevented it from complying by improperly transferring its License to American Mail Sort and allowing American Mail Sort to continue to utilize the License, even after it was informed by Distribution Postal of the improper fraudulent transfer.

Given the above facts, and given the fact that the United States Postal Service is a direct cause of the fact that Distribution Postal might not be able to comply with the volume requirements set forth in the ICM license, it is Distribution Postal's position that its ICM license should not be rescinded and, instead, should be renewed. Distribution Postal is currently projecting revenues that would allow it in 2007 to comply with its revenue requirements ur. der the ICM license.

Given the critical nature of the ICM license to Distribution Postal's business, and given the indication set forth in your December 1, 2006 letter that the Post Office is not going to enter into a new ICM license with Distribution Postal, please respond to this letter within seven (7) days of the date of this letter in order to prevent Distribution Postal from taking the only course of action which is left available to it, and that is to request relief from the United States District Court for the District of Maryland.

I look forward to working with you in resolving this matter in a business-like and amicable fashion.

Very truly yours,

SCARLETT & CROLL, P.A.

Robert B. Scarlett

RBS/cd
Enclosure

cc: Mr. Lewis Haber, Sr. (Via e-mail)

| | | |
|---|---|---|
| DISTRIBUTION POSTAL CONSULTANTS, INC. | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| vs | * | FOR |
| ROBERT ~~DUDEBIN~~ Dunbedin Individually and doing business as AMERICAN MAIL SORT *et al.* | * | BALTIMORE CITY |
| | * | |
| Defendants & 3rd Party Plaintiffs | * | Case No. 4C-04-007557 |
| vs. | * | |
| LOUIS F. HABER, JR. | * | |
| 3rd Party Defendant | * | |

* * * * * * * * * * * * *

## JUDGMENT AND ORDER

This case was called for trial on the merits on December 12, 2005. The Defendants and 3rd Party Plaintiffs failed to appear. They had also failed to appear for the Pre-Trial Conference. They had also failed to respond to discovery, both a First Request for Production of Documents and a First Request for Admissions of Fact and Genuineness of Documents. Judgment on the merits was granted to the Plaintiff and testimony was taken and evidence was presented as to the nature and extent of its damages. Based upon the admissions of fact the Court also found that the Defendants and each of them had acted with malicious intent in an effort to damage the Plaintiff and seize control of its business. It is, therefore, this 12th day of December, 2005

**ORDERED**, that judgment be entered in favor of the Plaintiffs against the Defendants and each of them, [as to each and every Count] jointly and severally, and compensatory damages be awarded unto the Plaintiff in the amount of Seven hundred fifty-five thousand, one hundred Ninety-Seven 31/100 Dollars ($755,197.31) against the Defendants and each of them, jointly and severally; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, prohibited from using the Plaintiff's manifest software and any and all modifications to it; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, directed to immediately surrender unto the Plaintiff, or to the Sheriff of Baltimore City acting on behalf of the

Plaintiff, the manifest software and any and all modifications to it; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, directed to immediately surrender unto the Plaintiff, or to the Sheriff of Baltimore City acting on behalf of the Plaintiff, their customer list and the status of all of their current business with each and every customer; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, prohibited from using the ICM that they wrongfully obtained from the United States Postal Service; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, directed to surrender the ICM, and all of the rights that they wrongfully obtained thereunder, unto the United States Postal Service; and, it is further

**ORDERED**, that, upon the Plaintiff's receipt of the said software, the Plaintiff shall be, and it is hereby, empowered to notify the Defendants', and each of their, customers of the wrongful acts of the Defendants; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, immediately prohibited from using the manifest software and any and all modifications of it; from contacting any of their customers in any way that would be deemed detrimental to the interests of the Plaintiff; from selling, transferring, alienating, pledging or otherwise encumbering the manifest software and any and all modifications to it; as well as any selling, transferring, alienating, pledging or encumbering the assets or any part of their respective businesses in any way, nature or sort; and, it is further

**ORDERED**, that upon the judgment entered in favor of the Plaintiffs against the Defendants and each of them, jointly and severally, punitive damages shall be, and they are hereby, awarded unto the Plaintiff in the amount of Ten Million Dollars ($10,000,000) against the Defendants and each of them, jointly and severally; and, it is further

~~**ORDERED**, that upon the judgment and entry of the said punitive damages against the Defendants and each of them, jointly and severally, the costs of this matter, including the Plaintiff's~~

attorney's fees shall be, and they are hereby, awarded unto the Plaintiff in the amount of ________ ________ Dollars ($________________) against the Defendants and each of them, jointly and severally; and, it is further

**ORDERED**, that upon the filing of a either a Motion to Vacate Judgment with this Court or an appeal to the Court of Special Appeals or Court of Appeals of Maryland by the Defendants or any of them, a supersedeas bond in the amount of ________________________ Dollars ($__________), shall be filed with the Clerk of this Court.

EVELYN OMEGA CANNON
JUDGE
THE JUDGE'S SIGNATURE APPEARS
ON THE ORIGINAL DOCUMENT ONLY.

cc:

James B. Kraft, Esquire
Law Offices of James B. Kraft
445 S. Robinson Street
Baltimore, Maryland 21224
Attorneys for Plaintiff

Mr. Robert Dunbebin
Individually and as Resident Agent
for American Mail Sort *et al.*
3501 Brehms Lane
Suite B
Baltimore, Maryland 21213
*pro se* Defendants & 3rd Party Plaintiffs

12-12-05

TRUE COPY
TEST

FRANK M. CONAWAY, CLERK

CIRCUIT COURT FOR BALTIMORE CITY
1983

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

Complete all items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A SUM CERTAIN FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN TWO YEARS AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item #12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or other aspect of this collection of information, including suggestions for reducing this burden, to Director, Torts Branch, Civil Division, U.S. Department of Justice, Washington, DC 20530 and to the Office of Management and Budget, Paperwork Reduction Project (1105-0008), Washington, DC 20503.

## INSURANCE COVERAGE

In order that subrogation claims be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, if yes give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. X No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

N/A

17. If deductible, state amount

N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) X No

# EXHIBIT
# 1

MARYLAND:

IN THE CIRCUIT COURT FOR BALTIMORE CITY JAN 1 2 2008

| | | |
|---|---|---|
| DISTRIBUTION POSTAL CONSULTANTS, INC.,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>ROBERT DUNBEBIN<br><br>and<br><br>AMERICAN MAIL SORT, LLC,<br><br>Defendants and Counter-Plaintiff. | * | Civil No. 4-C-04-007557 |
| AMERICAN MAIL SORT, LLC,<br><br>Counterclaim and Third-Party Plaintiff,<br><br>v.<br><br>DISTRIBUTION POSTAL CONSULTANTS, INC.,<br><br>Counterclaim Defendant,<br><br>and<br><br>LOUIS HABER, JR.<br>2434 Shuresville Road<br>Darlington, Maryland 21034-1520<br><br>Third Party Defendant. | * | |

| | | |
|---|---|---|
| DISTRIBUTION POSTAL CONSULTANTS, INC. | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| vs | * | FOR |
| ROBERT ~~DUBEBIN~~ [illegible] Individually and doing business as AMERICAN MAIL SORT *et al* | * | BALTIMORE CITY |
| | * | |
| Defendants & 3rd Party Plaintiffs | * | Case No. 4C-04-007557 |
| vs | * | |
| LOUIS F. HABER, JR. | * | |
| 3rd Party Defendant | * | |

* * * * * * * * * * * * *

## JUDGMENT AND ORDER

This case was called for trial on the merits on December 12, 2005. The Defendants and 3rd Party Plaintiffs failed to appear. They had also failed to appear for the Pre-Trial Conference. They had also failed to respond to discovery, both a First Request for Production of Documents and First Request for Admissions of Fact and Genuineness of Documents. Judgment on the [illegible] was granted to the Plaintiff and testimony was taken and evidence was presented as to the [illegible] and extent of its damages. Based upon the admissions of fact the Court also found that the [illegible] and each of them had acted with malicious intent in an effort to damage the Plaintiff and seize control of its business. It is, therefore, this 13th day of December, 2005

**ORDERED**, that judgment be entered in favor of the Plaintiffs against the Defendants and each of them, jointly and severally, and compensatory damages be awarded unto the Plaintiff in the amount of Seven hundred fifty five thousand, one hundred ninety-seven 31/100 Dollars ($755,197.31) against the Defendants and each of them, jointly and severally; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby [illegible] from using the Plaintiff's manifest software and any and all modifications to it; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby [illegible] immediately surrender unto the Plaintiff or to the Sheriff of Baltimore City acting on [illegible] the

Plaintiff, the manifest software and any and all modifications to it; and, it is further

ORDERED, that the Defendants and each of them shall be, and they are hereby [illegible] immediately surrender unto the Plaintiff, or to the Sheriff of Baltimore City acting on [illegible] Plaintiff, their customer list and the status of all of their current business with each customer; and, it is further

ORDERED, that the Defendants and each of them shall be, and they are hereby [illegible] from using the ICM that they wrongfully obtained from the United States Postal Serv[illegible] [illegible] further

ORDERED, that the Defendants and each of them shall be, and they are hereby [illegible] surrender the ICM, and all of the rights that they wrongfully obtained thereunder, un[illegible] States Postal Service; and, it is further

ORDERED, that, upon the Plaintiff's receipt of the said software, the Plaintiff [illegible] and it is hereby, empowered to notify the Defendants', and each of their, customers of the wrongful acts of the Defendants; and, it is further

ORDERED, that the Defendants and each of them shall be, and they are hereby, [illegible] prohibited from using the manifest software and any and all modifications of it; from co[illegible] of their customers in any way that would be deemed detrimental to the interests of the Pl[illegible] selling, transferring, alienating, pledging or otherwise encumbering the manifest softw[illegible] and all modifications to it; as well as any selling, transferring, alienating, pledging or o[illegible] the assets or any part of their respective businesses in any way, nature or sort; and, it [illegible]

ORDERED, that upon the judgment entered in favor of the Plaintiffs against the [illegible] and each of them, jointly and severally, punitive damages shall be, and they are hereby, a[illegible] the Plaintiff in the amount of [illegible] Dollars ($[illegible] against the Defendants and each of them, jointly and severally; and, it is further

ORDERED, that upon the judgment and entry of the said punitive damage[illegible] Defendants and each of them, jointly and severally, the costs of this matter, including t[illegible]

attorney's fees shall be, and they are hereby, awarded unto the Plaintiff in the amount ________ Dollars ($________) against the Defendants and ________ jointly and severally; and, it is further

ORDERED that upon the filing of a either a Motion to Vacate Judgment with ________ an appeal to the Court of Special Appeals or Court of Appeals of Maryland by the Defendants ________ of them, a supersedeas bond in the amount of ________ ($________), shall be filed with the Clerk of this Court.

EVELYN OMEGA CANNON
JUDGE
THE JUDGE'S SIGNATURE APPEARS
ON THE ORIGINAL DOCUMENT ONLY.

cc:

James B. Kraft, Esquire
Law Offices of James B. Kraft
445 S. Robinson Street
Baltimore, Maryland 21224
Attorneys for Plaintiff

Mr. Robert Dunbenin
Individually and as Resident Agent
for American Mail Sort *et al.*
3501 Brehms Lane
Suite B
Baltimore, Maryland 21213
*pro se* Defendants & 3rd Party Plaintiffs

12-12-05

# EXHIBIT
# 2

| | | |
|---|---|---|
| **DISTRIBUTION POSTAL CONSULTANTS, INC.**<br>6200 Frankford Avenue<br>Baltimore, Maryland 21206<br>BALTIMORE CITY<br><br>Plaintiff<br><br>*vs.*<br><br>**ROBERT DUNEDIN**<br>Individually and doing business as<br>**AMERICAN MAIL SORT**<br>3501 Brehms Lane, Suite D<br>Baltimore, Maryland 21213<br>BALTIMORE CITY<br><br>and<br><br>**AMERICAN MAIL SORT, LLC**<br>3501 Brehms Lane, Suite D<br>Baltimore, Maryland 21206<br>BALTIMORE CITY<br><br>Defendants | * * * * * * * * * * * * * | IN THE<br>CIRCUIT COURT<br>FOR<br>BALTIMORE CITY<br><br>Case No. 24-C-04-007557 |

* * * * * * * * * * * * *

**COMPLAINT**

**DISTRIBUTION POSTAL CONSULTANTS, INC.**, a Maryland corporation (hereinafter referred to as "DPC"), Plaintiff, by its attorneys, James B. Kraft, Esquire and the Law Offices of James B. Kraft, sues **ROBERT DUNBEBIN**, individually and doing business as **AMERICAN MAIL SORT** (hereinafter referred to as (hereinafter referred to as "SORT"), and **AMERICAN MAIL SORT, LLC** (hereinafter referred to as "AMS"), Defendants, combined pursuant to the Maryland Rules of Procedure and, as reasons therefor, respectfully states:

1. That, at all times complained of herein, **DPC** is, and has been, a Maryland corporation which operates a commercial mailhouse and its principal place of business is in Baltimore City, Maryland.

2. That the Defendant, **ROBERT DUNBEBIN** (hereinafter referred to as "BOBBY"),

is a resident of Prince George's County, Maryland.

3. That the Defendant, **SORT**, is a trade name under which **BOBBY** conducts regular business throughout the state of Maryland, the United States of America and the world. Its main office is located at 3501 Brehms Lane, Suite D in Baltimore City, Maryland.

4. That the Defendant, **AMS**, is a Maryland limited liability company which carries on a regular business throughout the state of Maryland, the United States of America and the world. Its main office is located at 3501 Brehms Lane, Suite D in Baltimore City, Maryland.

5. That **DPC** is involved in the preparation and distribution of domestic and international mail.

6. That **DPC** is, and was, a party to an International Customized Mail Service Agreement (hereinafter referred to as the "**ICM**") with the United States Postal Service (hereinafter referred to as the ("**USPS**"). See the copy of the ICM attached hereto and made a part hereof as "Plaintiff's Exhibit No. 1".

7. That **DPC** had an agreement with **BOBBY**, **SORT** and/or **AMS** through which **AMS** would perform certain services on behalf of **DPC** and its customers.

8. That **BOBBY**, without the knowledge and consent of **DPC** and representing himself to be acting with the corporate authority of **DPC**, terminated **DPC'S** ICM with the USPS, effective May 30, 2002. See the copy of Amendment One to the ICM attached hereto and made a part hereof as "Plaintiff's Exhibit No. 2".

9. That **BOBBY** obtained an ICM from the USPS on, or about, May 30, 2002, by representing unto USPS that he had the authority to transfer **DPC'S** ICM from **DPC** to **SORT** and/or **AMS**. This transfer occurred without the knowledge or consent of **DPC**.

10. That, after having wrongfully terminated and assigned **DPC'S** ICM to the Defendants and/or any of them, the Defendants and/or any of them used the leverage of **DPC'S** ICM to take control of **DPC'S** Manifest software. This software had been developed by DPC at a cost of Forty Thousand Dollars ($40,000.00).

11. That, after having wrongfully terminated and assigned **DPC'S** ICM to the Defendants and/or any of them, the Defendants and/or any of them used the leverage of **DPC'S** ICM to take control of not only USPS international customers but also those who had been deferred by **DPC** to the Defendants and/or any of them. These actions resulted in a loss of revenue to DPC of at least One Hundred Thousand Dollars ($100,000.00).

## COUNT ONE - TRESPASS TO CHATTELS

12. That **DPC** adopts by reference and incorporates into this Count One all of the facts and allegations contained in paragraphs one through eleven as if the same were more fully set forth herein.

13. That the actions taken by the Defendants and/or any of them were intentional, without authority or justification, and interfered with the use and possession by **DPC** of its ICM.

14. That the actions taken by the Defendants and/or any of them were knowingly undertaken with malicious and evil intent to permanently harm and damage **DPC**.

**WHEREFORE,** your Plaintiff requests as to this Count One:

A. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for compensatory damages in the amount of One Hundred Forty Thousand Dollars ($140,000.00).

B. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

C. That the Plaintiff be awarded post-judgment interest against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, in accordance with the legal rate;

D. That the costs of these proceeding, including the Plaintiff's reasonable attorneys' fees, be assessed against the Defendants, **BOBBY**, individually and doing business as **SORT**, and

AMS, jointly and severally;

E. And for such other and further relief as the nature of its cause may require.

## COUNT TWO - TROVER & CONVERSION - WRONGFUL TAKING

15. That **DPC** adopts by reference and incorporates into this Count Two all of the facts and allegations contained in paragraphs one through eleven as if the same were more fully set forth herein.

16. That the actions taken by the Defendants and/or any of them were intentional, without permission or justification, and constituted a conversion of **DPC'S** property.

17. That the actions taken by the Defendants and/or any of them were knowingly undertaken with malicious and evil intent to permanently harm and damage **DPC**.

**WHEREFORE,** your Plaintiff requests as to this Count Two:

A. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for compensatory damages in the amount of One Hundred Forty Thousand Dollars ($140,000.00).

B. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

C. That the Plaintiff be awarded post-judgment interest against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, in accordance with the legal rate;

D. That the costs of these proceeding, including the Plaintiff's reasonable attorneys' fees, be assessed against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally;

E. And for such other and further relief as the nature of its cause may require.

COUNT THREE - TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

18. That **DPC** adopts by reference and incorporates into this Count Three all of the facts and allegations contained in paragraphs one through eleven as if the same were more fully set forth herein.

19. That the actions taken by the Defendants and/or any of them were intentionally and improperly interfered with the USPS'S ability to perform its contract with **DPC**. The defendants and/or each of them knew that the USPS was under contract with **DPC** and they intentionally, with an improper motive to injure **DPC** and also to benefit their own business induced the USPS to breach its contract with the **DPC**.

20. That, as a result of the conduct of the defendants and/or any of them, **DPC** has suffered, and will continue to suffer, lost profits and other consequential damages.

21. That the actions taken by the Defendants and/or any of them were knowingly undertaken with malicious and evil intent to permanently harm and damage **DPC**.

**WHEREFORE**, your Plaintiff requests as to this Count Three:

A. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

B. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

C. That the Plaintiff be awarded post-judgment interest against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, in accordance with the legal rate;

D. That the costs of these proceeding, including the Plaintiff's reasonable attorneys' fees, be assessed against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally;

E. And for such other and further relief as the nature of its cause may require.

COUNT FOUR - TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE

22. That **DPC** adopts by reference and incorporates into this Count Four all of the facts and allegations contained in paragraphs one through ten as if the same were more fully set forth herein.

23. That the actions taken by the Defendants and/or any of them in contacting the customers and clients of **DPC** was intentional, willful and calculated to cause damage to **DPC'S** lawful business. This conduct was perpetrated with the intentional and improper purpose of causing damage to **DPC** and was without justifiable cause.

24. That, as a result of the conduct of the defendants and/or any of them, **DPC** has suffered, and will continue to suffer, lost profits, other consequential damages and harm to its professional representation.

25. That the actions taken by the Defendants and/or any of them were knowingly undertaken with malicious and evil intent to permanently harm and damage **DPC**.

**WHEREFORE**, your Plaintiff requests as to this Count Four:

A. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

B. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

C. That the Plaintiff be awarded post-judgment interest against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, in accordance with the legal rate;

D. That the costs of these proceeding, including the Plaintiff's reasonable attorneys'

fees, be assessed against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally;

E. And for such other and further relief as the nature of its cause may require.

**COUNT FIVE - FRAUD**

26. That **DPC** adopts by reference and incorporates into this Count Five all of the facts and allegations contained in paragraphs one through twenty-five as if the same were more fully set forth herein.

27. That the actions taken by the Defendants and/or any of them were fraudulent, intentional and willful and perpetrated with the intentional and improper purpose of causing damage to **DPC**. They were without justifiable cause.

28. That, as a result of the conduct of the defendants and/or any of them, **DPC** has suffered, and will continue to suffer, lost profits, other consequential damages and harm to its professional representation.

29. That the actions taken by the Defendants and/or any of them were knowingly undertaken with malicious and evil intent to permanently harm and damage **DPC**.

**WHEREFORE,** your Plaintiff requests as to this Count Five:

A. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for compensatory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00).

B. That judgment be entered against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, for punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

C. That the Plaintiff be awarded post-judgment interest against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally, in accordance with the legal rate;

D. That the costs of these proceeding, including the Plaintiff's reasonable attorneys' fees, be assessed against the Defendants, **BOBBY**, individually and doing business as **SORT**, and **AMS**, jointly and severally;

E. And for such other and further relief as the nature of its cause may require.

**I HEREBY DECLARE AND AFFIRM**, under the penalties of perjury, that the facts and information contained in the aforegoing **Complaint** are true and correct to the best of my knowledge, information and belief.

DISTRIBUTION POSTAL COMPANY

Louis F. Haber, Jr.,
President

LAW OFFICES OF JAMES B. KRAFT

James B. Kraft, Esquire
445 S. Robinson Street
Baltimore, Maryland 21224
410-522-1324
Attorneys for Plaintiff

10-12-04

— "PLAINTIFF'S EXHIBIT NO. 1" —

## INTERNATIONAL CUSTOMIZED MAIL SERVICE AGREEMENT BETWEEN THE UNITED STATES POSTAL SERVICE AND DISTRIBUTION POSTAL, INC.

This Agreement is between the United States Postal Service, an independent establishment of the United States government, and Distribution Postal, Inc. with offices at 6200 Frankford Ave., Baltimore, MD 21206-4902.

### ARTICLE 1. PURPOSE OF THE AGREEMENT

This Agreement shall govern the use Distribution Postal, Inc. shall have of International Customized Mail service for International Priority Airmail, International Surface Air Lift, and Global Bulk Economy.

### ARTICLE 2. DEFINITIONS

As used in this Agreement:

1. "United States" means the United States of America, its territories and possessions.
2. "USPS" means the United States Postal Service.
3. "Mailer" means Distribution Postal, Inc. with offices at 6200 Frankford Ave., Baltimore MD 21206-4902, its subsidiaries and agents.
4. "DMM" means the *Domestic Mail Manual* as published by the USPS from time to time.
5. "IMM" means the *International Mail Manual* as published by the USPS from time to time.
6. "ICM" means International Customized Mail, the bulk mailing system created by this Agreement, pursuant to which the USPS shall accept mail from the Mailer for international delivery.
7. "ICM Mail" means mail the Mailer tenders to the USPS pursuant to this Agreement.
8. "IPA" means International Priority Airmail Service as described in IMM 292.
9. "ISAL" means International Surface Air Lift Service as described in IMM 293.
10. "GBE" means Global Bulk Economy.
11. "ISC" means an International Service Center.
12. "Qualifying Mail" means ICM Mail that meets the requirements set forth in Article 3 of this Agreement.
13. "Non-Qualifying Mail" means ICM Mail that does not meet the requirements set forth in Article 3 of this Agreement.

## ARTICLE 3. QUALIFYING MAIL

Only mail that meets the following requirements shall qualify as ICM Qualifying Mail except as those requirements conflict with the applicable specific requirements set forth in this Agreement.

1. IPA. Every item must comply with the preparation requirements set forth in IMM 292 for International Priority Airmail Service.
2. ISAL. Every item must comply with the preparation requirements set forth in IMM 293 for International Surface Air Lift Service.
3. Global Bulk Economy. Every item must comply with the Specific Preparation and Payment Requirements set forth in Annex One.

## ARTICLE 4. NON-QUALIFYING MAIL

The USPS, at its option and without forfeiting any of its rights under this Agreement, may either refuse to accept Non-Qualifying Mail or accept Non-Qualifying Mail under terms and conditions and at postage rates to be specified by the USPS.

## ARTICLE 5. OBLIGATIONS OF THE USPS

The USPS hereby agrees:

1. Supplies. To furnish the Mailer with the postal equipment and postal supplies required for the use of Qualifying Mail.
2. On-site Training. To provide the Mailer with the preparation requirements for Qualifying Mail and any training necessary to prepare ICM Mail in conformity with the requirements for Qualifying Mail.
3. Transportation. To arrange with carriers to transport Qualifying Mail to international destinations for delivery by the appropriate authority.

## ARTICLE 6. OBLIGATIONS OF THE MAILER

The Mailer hereby agrees:

1. Tender Amount. To tender to the USPS international mail intended for delivery outside the United States that generates at least $25 million in actual postage in each year beginning on the effective date of this Agreement, as defined in Article 12, and ending on each anniversary of that date for the duration of the Agreement.
2. Tender Locations. To tender:
    a. At least ninety-nine (99) percent of IPA Qualifying Mail in drop shipments to the appropriate locations specified in IMM 292.153.
    b. At least ninety-nine (99) percent of ISAL Qualifying Mail in drop shipments to the appropriate locations specified in IMM 293.32.
    c. No more than one (1) percent of IPA and ISAL Qualifying Mail to other postal facilities at the national rate or full service rate as appropriate.

d. GBE must be drop-shipped at the USPS facility at New Jersey International and Bulk Mail Center (NJI&BMC), 80 County Road, Jersey City, NJ 07097-9998, or to the Oakland International Service Facility (OISF), 500 85th Avenue, Oakland, CA 94622.

3. Advance Notification. To provide:

a. The Manager, International Customized Mail, via fax to (703) 292-3767 or email to icmusps@email.usps.gov, with notification of intent to drop ship mail at a specific ISC two weeks before the initial shipment to that ISC.

b. The Manager, International Customized Mail, via fax to (703) 292-3767 or email to icmusps@email.usps.gov, with notification of new dedicated permit numbers, two weeks in advance of using the new dedicated permit numbers.

c. The appropriate USPS acceptance sites with projections of mailings to include the intended date of mailing, weight, and volume of the mailings.

4. Payment of Postage.

a. To pay postage to the USPS, either directly or through a mailing agent, for all ICM Qualifying Mail by use of dedicated permit imprints subject to the conditions stated in DMM P040.

b. To pay postage to the USPS for GBE using an exclusive permit number.

5. Cancellation: Mailer or the USPS may cancel this Agreement by giving the other party six (6) months notice in writing. If this Agreement is cancelled, upon termination, Mailer will receive the published discount for Qualifying Mail in accordance with the IMM.

## ARTICLE 7. POSTAGE RATES

1. ISAL and IPA:

a. In consideration of Article 6, Paragraph 1, the Mailer will receive a sixteen percent (16.0%) discount off non-discounted published rates in effect on the date of mailing for IPA and ISAL Qualifying Mail.

b. In the event that USPS costs for Qualifying Mail increase in excess of five percent (5.0%), the USPS shall notify the Mailer and renegotiate the rates established under this Agreement.

2. Global Bulk Economy. In consideration of Article 6, Paragraph 1, the Mailer will receive a sixteen (16.0%) percent discount off the base rates located in Annex One for GBE Qualifying Mail.

**ARTICLE 8. GUARANTEE**
If the Mailer does not tender to the USPS international mail intended for delivery outside the United States that generates at least $25 million in actual postage on an annualized basis, the Mailer must reimburse the USPS the amount of the additional discount it received for IPA and ISAL above the discount earned subject to this Agreement in accordance with Exhibit 1. Payment must be made no later than three (3) months after the end of the related period.

Exhibit 1

| Annual IPA, ISAL, and GBE Revenue * | Percentage Discount |
|---|---|
| $ 2,000,000 - $ 4,999,999 | 5.00% |
| $ 5,000,000 - $ 5,999,999 | 10.00% |
| $ 6,000,000 - $ 6,999,999 | 11.00% |
| $ 7,000,000 - $ 7,999,999 | 12.00% |
| $ 8,000,000 - $ 8,999,999 | 13.00% |
| $ 9,000,000 - $ 9,999,999 | 14.00% |
| $10,000,000 - $14,999,999 | 15.25% |
| $15,000,000 - $19,999,999 | 15.50% |
| $20,000,000 - $24,999,999 | 15.75% |
| $25,000,000 and over | 16.00% |

* Actual revenue received after discount is applied.

**ARTICLE 9. NO SERVICE GUARANTEE**
Nothing in this Agreement shall be construed as a representation or guarantee by the USPS that Qualifying Mail will be delivered to the appropriate addressees within any particular time.

**ARTICLE 10. SUSPENSIONS OF MAIL SERVICE**
In the event that a suspension of mail service from the United States to a given country would prevent delivery of Qualifying Mail to addressees in that country, the Mailer shall not tender Qualifying Mail to the USPS until service is restored. Under these circumstances, the Mailer shall have the option to make alternative arrangements for the delivery of Qualifying Mail without penalty.

**ARTICLE 11. LIMITATION OF LIABILITY**
The liability of the USPS under this Agreement shall be limited to the refund of postage for Qualifying Mail that is lost or destroyed in bulk after being tendered to the USPS and prior to being received by the delivery authority outside of the United States. The USPS shall not be liable for any actual or consequential damages suffered by the Mailer as the result of late delivery or non-delivery of Qualifying Mail.

**ARTICLE 12. TERM OF THE AGREEMENT**
This Agreement shall be in effect from April 26, 2002, and shall remain in effect until midnight on April 30, 2005.

**ARTICLE 13. INDEMNITY**

The Mailer shall indemnify and save harmless the USPS and its officers, agents, and employees from any and all claims, losses, costs, damages, or expenses growing out of, or connected in any other way with the discharge by the Mailer of any undertaking contained in this Agreement, except for Claims arising out of the negligence or wilful misconduct of the USPS or of its officers, agents, or employees. Notwithstanding its obligation to indemnify the USPS, the Mailer shall not be liable for any consequential damages suffered by the USPS.

**ARTICLE 14. FORCE MAJEURE**

Neither party shall be liable for its failure to perform under the terms of this Agreement due to any contingency beyond its reasonable control, including acts of God, fires, floods, wars, sabotage, accidents, labor disputes or shortages, governmental laws, ordinances, rules and regulations, whether valid or invalid, court orders, whether valid or invalid, inability to obtain material, equipment, or transportation, and any other similar or different contingency.

**ARTICLE 15. NO WAIVER**

The failure of either party to this Agreement to insist upon the performance of any of the terms and conditions of this Agreement, or the waiver of any breach of the terms and conditions of this Agreement, shall not be construed as thereafter waiving any such terms and conditions, but these shall continue and remain in full force and effect as if such forbearance or waiver had not occurred.

**ARTICLE 16. GOVERNING LAW**

This Agreement shall be governed by, construed, and enforced in accordance with United States federal law.

**ARTICLE 17. EFFECT OF PARTIAL INVALIDITY**

The invalidity of any portion of this Agreement will not and shall not be deemed to affect the validity of any other provision. In the event that any provision of this Agreement is held to be invalid, the parties agree that the remaining provisions shall be deemed to be in full force and effect.

**ARTICLE 18. ENTIRE AGREEMENT**

This Agreement shall constitute the entire agreement between the parties regarding the use of the ICM Program as it pertains to Qualifying Mail intended for delivery outside the United States. Any prior understanding or representation of any kind preceding the date of this Agreement regarding the use of the ICM Program for Qualifying Mail originating in the United States and intended for delivery outside the United States shall not be binding upon either party except to the extent incorporated in this Agreement.

**ARTICLE 19. MODIFICATION**

Any modification of or Amendment to this Agreement or additional obligation assumed by either party in connection with this Agreement shall be binding only if placed in writing and signed by each party.

ARTICLE 20. ASSIGNMENT
The rights of each party under this Agreement are personal to that party and may not be assigned or transferred to any other person, firm, corporation, or other entity without the prior, express, and written consent of the other party. Granting such consent shall not be unreasonably withheld and shall be allowed for assignment to a subsidiary or affiliate of the Mailer.

ARTICLE 21. NUMBER AND GENDER
The use of any particular gender or the plural or singular number in this Agreement is intended to include the other gender or number as the text may require.

ARTICLE 22. PARAGRAPH HEADINGS
The titles to the paragraphs of this Agreement are solely for the convenience of the parties and shall not be used to explain, modify, simplify, or aid in the interpretation of the provisions of this Agreement.

ARTICLE 23. NOTICES
All notices or demands required by this Agreement shall be sufficient if delivered personally or mailed to the following individuals:

To the United States Postal Service:

United States Postal Service
Vice President, International Business
1735 N. Lynn St. Rm 6026
Arlington, VA 22209-6002

To the Mailer:

Distribution Postal
7914 E Baltimore St
Baltimore MD 21224

In witness whereof, each party to this Agreement has caused it to be executed as indicated below.

ON BEHALF OF THE UNITED STATES POSTAL SERVICE:

Signature: [signature]

Name: John Alepa

Title: Manager, International Pricing/Cost Analysis

Date: [illegible]

ON BEHALF OF DISTRIBUTION POSTAL, INC.:

Signature: [signature]

Name: [illegible]

Title: VP

Date: [illegible]

*AMENDMENT ONE*
*TO THE*
*INTERNATIONAL CUSTOMIZED MAIL SERVICE AGREEMENT*
*BETWEEN THE UNITED STATES POSTAL SERVICE*
*AND*
*DISTRIBUTION POSTAL, INC.*

This Amendment modifies the International Customized Mail Service Agreement dated April 24, 2001, between the United States Postal Service, an independent establishment of the United States Government, and Distribution Postal, Inc. The purpose of this Amendment is to modify the term of the Agreement.

**ARTICLE 12. TERM OF THE AGREEMENT**, is modified to read as follows:

This Agreement shall be in effect from April 26, 2002, and shall remain in effect until midnight on May 30, 2002.

All other terms and provisions of the Agreement shall remain in force.

---

In witness whereof, each party to this Amendment has caused it to be executed as indicated below.

**ON BEHALF OF THE UNITED STATES POSTAL SERVICE:**

Signature: [signature]

Name: John F. Alepa

Title: Manager, International Finance and IBIS

Date: May 30, 2002

**ON BEHALF OF DISTRIBUTION POSTAL, INC.:**

Signature: [signature]

Name: Robert Dunbebin

Title: VP

Date: 5/30/02

# Exhibit 5

## Letter dated September 26, 2006 from Wendy Wiedemann Hudson, Attorney for Defendant denying Plaintiff's Claim for Damages.

LAW DEPARTMENT
NATIONAL TORT CENTER

UNITED STATES
POSTAL SERVICE

**VIA CERTIFIED MAIL #7005 1820 0007 5367 5729**

September 26, 2006

Robert Scarlett, Esq.
Scarlett & Cross, P.A.
201 North Charles Street, Suite 600
Baltimore, MD 21201-4026

Re: Your Client: Distribution Postal Inc., a/k/a Distribution Postal Consultant, Inc.

Dear Mr. Scarlett:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of monetary damages allegedly sustained by DPC and discovered in the summer of 2004.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, an investigation of this matter failed to establish a negligent act or omission on the part of the U.S. Postal Service or its employees. While we regret any damages that may have occurred, we cannot accept legal liability for these alleged damages. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or

P. O. BOX 66640
ST. LOUIS, MO 63166-6640
TEL: 314/872-5120
FAX: 314/872-5193

legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

Wendy Wiedemann Hudson

Wendy Wiedemann Hudson
Attorney-National Tort Center
314/872-5128

cc: William Alvis, Postal Service HQ Corporate Law Attorney
Deborah Davis, Chief Counsel, Purchasing
Anthony Alverno, Chief Counsel, Customer Protection & Privacy Law

# Exhibit 6

## List of corporations who would be directly irreparably harmed if the International Licence is terminated.

# EXHIBIT 6

| CORPORATION | LOCATION |
|---|---|
| Quad Graphic | Nationwide Locations |
| R.R. Donelly | Nationwide Locations |
| Direct Link/Sweden Post | NY & Chicago |
| Avion International | Miami, Florida |
| International Mail Distribution | Detroit, MI |
| University of Washington | Seattle, WA |
| Vista Post | San Francisco, CA |
| International Delivery Service | Milwaukee or Portland |
| International Bonded Courier | NY, Miami, Houston, Chicago |
| Flexable Mailing | NY |
| Mail Service International | Balto., MD & Reston, VA |
| Champion Worldwide | Los Angeles, CA |
| National Geographic | Washington, DC |
| Johns Hopkins University | Baltimore, MD |
| Optical Society of America | Washington, DC |
| Screen Print Association | Fairfax, VA |
| Advance Post | Atlanta, GA |
| International Postal System | Arlington, VA |
| Express Message Service | Milwaukee & Chicago |
| International Postal Solutions | NY NY |
| 360° Distribution | Milwaukee, WI |
| Geo Post | Atlanta, GA |
| Rockville Mailing | Frederick, MD |
| M.V.S. Mailing | Bohemia, NY |
| Georgetown University | Washington, DC |

# Exhibit 7

# James Sturgill, C.P.A's draft report

# DISTRIBUTION POSTAL CONSULTANTS, INC V. UNITED STATES POSTAL SERVICE

CIVIL ACTION NO. XXXXXXXXX

IN THE CIRCUIT COURT FOR
BALTIMORE, COUNTY

November 1, 2006

James G. Sturgill, CPA, CVA, ABV

DRAFT

Report of
James G. Sturgill, CPA, CVA, ABV

Qualifications

My name is James G. Sturgill. I have been working as an accountant since 1961. In 1963, I joined Bond Beebe a District of Columbia CPA firm and in 1980 I formed my own firm which in 1993 became Sturgill and Associates LLP.

I am past president of Mid-Maryland Association of CPA's and have been chairman or member of various DC and Maryland CPA Association Committees.

I am an instructor of valuation subjects for my own and local accounting firms, bankers and attorneys.

I hold certified Public Accountant Licenses in the District of Columbia, Maryland, Pennsylvania and Virginia.

I earned my CVA designation (Certified Valuation Analysts) from the National Association of Certified Valuation Analysts.

I earned my ABV designation (Accredited in Business Valuation) from the American Institute of Certified Public Accountants.

I received my Bachelor of Commercial Science Degree from Benjamin Franklin University and took special studies at Western Maryland College and Carroll Community College. I have taken numerous education courses sponsored by the professional associations of which I am a member.

My expert witness testimony has been evenly divided between plaintiff and defense.

My fee for this assignment is based upon my standard hourly rate of $225.

DRAFT

Expert Testimony

I have provided deposition or trial testimony in the following cases in the past five years:

United States – vs. – Keystone Trucking, Inc. – (PA)
United States – vs. - Kenneth and Ann Noel – (PA)
Bigham – vs. Bigham – (PA)
Skiles – vs. – Skiles – (MD)
Bair – vs. – PNE Media, LLC – (MD)

Michael Szomjassy – vs. – OHM Corporation and International Technology Corporation
U.S. District Court for the Northern District of Georgia, Atlantic Division Civil Action.
File Number: 1:98-CV-3705-CAP

Brent V. RS Information Systems, Inc.
In the Circuit Court of Montgomery County
Civil Action No. 245347-V

DRAFT

Materials Reviewed and Relied Upon

1. USPS penalty for postage sales volume shortfall
2. DPC Financial Statements 1999-2005
3. International Postage-VistaPost
4. International Postage-Northern
5. International Postage-World Distribution Svc
6. International Postage-International Transport Sol.
7. International Postage-Global Mail Los Angelos
8. International Postage-Global Mail Newark
9. International Postage-Global Mail Chicago

Brief Summary of Facts

Distribution Postal Consultants, Inc. (DPC) is an international mail company that specializes in reselling discounted wholesale products through the United States Postal Service (USPS) for distribution of international mail and printed publications. DPC also offers mail preparation services such as addressing and assembly of mail and publication pieces.

On April 24, 2002 Mr. Lou Haber Sr. authorized Mr. Robert Dunbebin to enter into an International Customized Agreement (ICM) with the USPS under DPC's ICM. Mr. Dunbebin and the USPS violated the USPS's rules by transferring Distribution Postal Consultants, Inc. ICM to Mr. Dunbebin's company. Sales volume was redirected from DPC to Mr. Dunbebin's company.

Distribution Postal Consultants, Inc. is alleging the following:

A. The redirection of sales and transfer of the ICM resulted in financial harm to Distribution Postal Consultants, Inc.

B. Distribution Postal Consultants, Inc. would have collected 1% of gross postage ran through the ICM if properly licensed and controlled by DPC.

C. Distribution Postal Consultants, Inc. incurred a volume shortfall penalty due to the redirection of sales and transfer of the ICM.

DRAFT

Opinions

The basis and reasons for my opinions are premised upon my education, training and knowledge of DPC in review of the foregoing documents and discussions with Lou Haber Sr. I hold the following opinions to a reasonable degree of professional certainty:

A. Distribution Postal Consultants, Inc. suffered $982,791 in damages due to the redirection of sales and transfer of the ICM.

B. Distribution Postal Consultants, Inc. should have collected $1,083,131 for gross postage ran through the ICM.

C. Distribution Postal Consultants, Inc. incurred a shortfall penalty of $136,571 from the USPS.

Respectfully submitted,

James G. Sturgill, CPA, CVA, ABV

Distribution Postal Consultants, Inc.
Income and Expense Projection
2002 through 2005

| | Actual 2001 | Non Recurring Items 2001 | Adjusted 2001 | 2002 | 2003 | 2004 | 2005 |
|---|---|---|---|---|---|---|---|
| Sales | $ 2,152,138 | | $ 2,152,138 | $ 2,216,702 | $ 2,283,203 | $ 2,351,699 | $ 2,422,250 |
| Cost of Sales | 1,347,942 | | 1,347,972 | 1,388,411 | 1,430,063 | 1,472,965 | 1,517,154 |
| Gross Profit | 804,196 | | 804,166 | 828,291 | 853,140 | 878,734 | 905,096 |
| Operating Exenses | | | | | | | |
| Transportation | 189577 | | 189,577 | 195,264 | 201,122 | 207,156 | 213,371 |
| Selling Expenses | 162625 | | 162,625 | 165,878 | 169,195 | 172,579 | 176,031 |
| G&A | 481564 | 81,450 | 400,114 | 408,116 | 416,279 | 424,604 | 433,096 |
| Total | 833766 | | 752,316 | 769,258 | 786,596 | 804,339 | 822,497 |
| Operating Income (Loss) | (29,570) | | 51,850 | 59,033 | 66,544 | 74,395 | 82,599 |
| Other Income (Expense) | | | | | | | |
| Interest Income | 20,824 | | 20,824 | | | | |
| Refund of Taxes | 39,848 | | 39,848 | | | | |
| Interest Expense | (31,208) | | (31,208) | (12,000) | (12,000) | | |
| Total | 29,464 | | 29,464 | (12,000) | (12,000) | | |
| Projected Net Income | $ (106) | | 81,314 | 47,033 | 54,544 | 74,395 | 82,599 |
| Non Recurring Items | | | | | | | |
| Bad Debt Provision | | 30,000 | | | | | |
| Professional Fees Reduction | | 10,743 | | | | | |
| Factoring Expense | | 40,707 | | | | | |
| Total | | 81,450 | | | | | |
| Actual Loss (Income) | | | | 164,713 | 268,302 | 321,277 | (30,071) |
| DAMAGES | | | | $ 211,746 | $ 322,846 | $ 395,672 | $ 52,528 |

Assumptions:
Sales will increase 3% per year
Cost of sales will increase 3% per year
Transportation will increase 3% per year
Selling expense will increase 2% per year
G&A will increase 2% per year

DAMAGES TOTAL $ 982,791

DRAFT

Distribution Postal Consultants, Inc.
Postage Purchased Through The International Customized Agreement
2002-2005

| Year | Gross Postage | 1% Fee |
|---|---|---|
| 2002 | $ 25,000,000 | $ 250,000 |
| 2003 | 27,733,067 | 277,331 |
| 2004 | 27,779,986 | 277,800 |
| 2005 | 27,800,000 | 278,000 |
| Total | $ 108,313,053 | $ 1,083,131 |
| **DAMAGES** | | **$ 1,083,131** |

Assumptions
year 2002 was estimated at minimum required of the USPS
Years 2003 and 2004 in the aggregarate total the postage ran through the permit
Year 2005 is estimated based upon 2004

DRAFT

UNITED STATES POSTAL SERVICE.

3192

Page 1 of 2

# FINAL NOTICE

USPS DISBURSING OFFICER
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9640

October 16, 2006

Question or correspondence:

SEE ENCLOSED REMINDER/NOTICE.

DISTRIBUTION POSTAL COMPANY
C/O LOUIS F HABER JR
PRESIDENT/CEO
6200 FRANKFORD AVE
BALTIMORE MD 21206-4902

| INVOICE | REFERENCE | INVOICE DATE | DAYS LATE | ORIGINAL AMOUNT | FINANCE CHARGE | PMT/ ADJ | BALANCE DUE |
|---|---|---|---|---|---|---|---|
| 1347972 | Q67970 PRO | 28-APR-06 | 141 | $136,571.00 | $0.00 | $0.00 | $136,571.00 |

TOTAL PAST DUE: $136,571.00

DRAFT

---To ensure proper credit to your account please return bottom portion with your remittance---

UNITED STATES POSTAL SERVICE.
ATTN: RACHEL JOHNSON
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9610

CUSTOMER NUMBER: 52-1541123
LETTER DATE: October 16, 2006
TOTAL PAST DUE: $136,571.00

AMOUNT PAID: ____________

DISTRIBUTION POSTAL COMPANY
C/O LOUIS F HABER JR
PRESIDENT/CEO
6200 FRANKFORD AVE
BALTIMORE MD 21206-4902

MAIL TO:

USPS DISBURSING OFFICER
ACCOUNTING SERVICE CENTER
2825 LONE OAK PKWY
EAGAN MN 55121-9640

☐ Check here to change address, complete new address on reverse.
Write your customer number on your check or money order. Do not send cash.

0152-1541123 X0000013657100X

Distribution Postal Consultants, Inc.
DISCUSSION/QUESTIONS

Income and Expense Projection:

1 Does the exclusion from expense of the "non recurring" items make sense?
 A. The bad debt provision does not seemto apply to the class of ustomers DPC has, this may be a billing error.
 B. The reduction of professional fees from $40,743 to $30,000 appears more in line with type of business.
 C. The factoring expense is not necessary if billing and collection is managed.

2 Assumptions
 A. Sales growth of 3% is conserative.
 B Cost of sales and transporation expense growth of 3%--too low?
 C. Selling and G&A expense growth of 2%--too low?

3 My projections show a modest net profit in each year. How do I respond if asked how could that be as operating losses occurred in 1999-2001.

4 The projection shows damages of $982,791 and the gross postage calculation shows damages of $1,083,131. This is a double dip.

5 As DPC had access to the ICM in Mr. Dunbebin's company why was actual losses incurred?
 A. Customers were diverted to Mr. Dunbebin's company.

DRAFT