**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DISTRIBUTION POSTAL CONSULTANTS, INC.,** | * | |
| | * | |
| **Plaintiff,** | | |
| | * | **Case No.: 08-17C** |
| **v.** | | **(Judge Bruggink)** |
| | * | |
| **THE UNITED STATES,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

*** * * * * * * * * * * * ***

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND, IN THE ALTERNATIVE, DEFENDANT'S MOTION TO DISMISS**

**by**

Robert B. Scarlett, Esquire
Michael S. Myers, Esquire
201 N. Charles St., Suite 600
Baltimore, Maryland 21201
Phone : 410-4683100
Fax: 410-332-4026

*Counsel for the Plaintiff*

**TABLE OF CONTENTS**

**TABLE OF CONTENTS** . . . . . . . . . . -i-

**TABLE OF AUTHORITIES** . . . . . . . . . . -ii-

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND, IN THE ALTERNATIVE, DEFENDANT'S MOTION TO DISMISS** . . . . . . . . . . 1

**PLAINTIFF'S BRIEF** . . . . . . . . . . 1

**STATEMENT OF FACTS** . . . . . . . . . . 1

**ARGUMENT** . . . . . . . . . . 4

**A.** DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I. . . . . . . . . . . 4

B. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II. . . . . . . . . . . 6

C. THE DEFENDANT'S MOTION TO DISMISS AS TO COUNT II. . . . . . . . . . . 6

**CONCLUSION** . . . . . . . . . . 6

**DEFENDANT'S EXHIBIT LIST** . . . . . . . . . . 8

## TABLE OF AUTHORITIES

### Cases

*Brunner v. United States*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
70 Fed. Cl. 623 (2006)

*Herbert Const. Co. v. Continental Insurance Co.*, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
931 F.2d 989 (1991)

### Restatements

*Restatement (Second) of Agency* § 166 cmt. c. (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Restatement (Third) of Agency* § 3.03 cmt. b (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DISTRIBUTION POSTAL CONSULTANTS, INC.,** | * | |
| | * | |
| **Plaintiff,** | | |
| | * | **Case No.: 08-17C** |
| **v.** | | **(Judge Bruggink)** |
| | * | |
| **THE UNITED STATES,** | | |
| | * | |
| **Defendant.** | | |
| | * | |

* * * * * * * * * * * * *

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND, IN THE ALTERNATIVE, DEFENDANT'S MOTION TO DISMISS**

Distribution Postal Consultants, Inc. ("DPC"), by its attorneys Robert B. Scarlett, Michael S. Myers, and Scarlett & Croll, P.A., respectfully files its response to Defendant's Motion for Summary Judgment and, in the Alternative, Motion to Dismiss.

## I. STATEMENT OF FACTS

1. DPC is in the business of producing, servicing and managing mail for its customer base by sending mail throughout the country and throughout the world in the most economic manner.

2. An important and vital part of DPC's business operations is its international mail service, which comprises about fifty percent (50%) of the Plaintiff's total sales and is DPC's most profitable area of business.

3. On April 24, 2002, DPC and the United States Postal Service (the "USPS") entered into an International Customized Mail Service Agreement (the "Original ICM Agreement"), which had a term of three years and permits DPC to mail international mail at a specific percentage

discount of sixteen percent (16%), provided that DPC places with the USPS at least $25,000,000.00 of actual postal on an annualized basis. A copy of the Original ICM Agreement is attached hereto as Exhibit 1 and incorporated herein by reference.

4. Mr. John Alepa, the Manager of International Pricing/Cost Analysis for USPS, executed the Original ICM Agreement on behalf of the USPS. See Exhibit 1, p. 7 of 7.

5. Article 6, Section 5 of the Original ICM Agreement permits either party to terminate the agreement only after providing the other party six (6) months notice in writing.

6. DPC expressly authorized its agent, Mr. Robert Dunbebin, the Vice-President of DPC at the time, to execute the agreement on behalf of DPC.

7. On the same day, Mr. Dunbebin formed American Mail Sort, LLC, ("AMS") in which Mr. Dunbebin is the sole member and President. A copy of the Articles of Organization of AMS, date stamped April 24, 2002, is attached hereto as Exhibit 2.

8. Between April 24, 2002 and May 30, 2002, Mr. Dunbebin approached Mr. Alepa and requested that the Original ICM Agreement be terminated and requested that the USPS enter into a new ICM with AMS ("AMS ICM Agreement").

9. On May 30, 2002, after only 36 days into the three-year agreement, USPS terminated the agreement between DPC and the USPS upon Mr. Dunbebin's request and Mr. Alepa, on behalf of the USPS, signed a new ICM with AMS ("AMS ICM Agreement"). A copy of the AMS ICM Agreement is attached hereto as Exhibit 3[1].

10. AMS was not qualified for an ICM Agreement with the USPS pursuant to Section 623.2 of the International Mail Manual of 2002 requiring "a minimum of one year of experience as

---

[1] Plaintiff has possession of only pages 1 and 7 of the AMS ICM Agreement. Defendant included the AMS ICM Agreement as Exhibit 1 to its Motion for Summary Judgment however it, too, only contains pages 1 and 7.

an international or domestic mail consolidator, presorter, or letter shop." Selected excerpts from the International Mail Manual of 2002 is attached hereto as Exhibit 4.

11. The business address of DPC listed in the Original ICM Agreement is identical to the address of AMS in the AMS ICM Agreement. *See* Exhibit 1, p. 6 of 7 (Indicating that notices be sent to "7914 E. Baltimore St., Baltimore Md 21224") and Exhibit 3, p. 1(indicating AMS's offices are at "7914 East Baltimore Street, Baltimore, MD 21224-2010.")

12. At no time did DPC authorize, expressly or implicitly, Mr. Dunbebin to terminate the Original ICM Agreement.

13. At no time did DPC ratify the termination of the Original ICM Agreement.

14. Beginning in June of 2002 and unbeknownst to DPC, Mr. Dunbebin changed the license number issued to and used by DPC at its mail processing facility, to the license number the USPS issued to AMS.

15. The AMS license number was used to stamp all the mail that was processed in DPC's mail processing facility, thus all the mail processed at DPC's facility from May of 2002 to May of 2004 was posted to the account of AMS rather than the account of DPC.

16. DPC was unaware that it was using AMS's license number to stamp the parcels that were being processed at its facility until May of 2004.

17. Due to this "rerouting" of the postal traffic from DPC to AMS, DPC was unable to meet its minimum $25,000,000.00 in postal revenue.

18. In October of 2005, DPC filed a complaint against AMS and Robert Dunbebin alleging they fraudulently diverted funds from DPC to AMS.

19. On December 12, 2005, Plaintiff received a default judgment from the Circuit Court

of Maryland against AMS and Robert Dunbebin, jointly and severally, in the amount of $755,197.21, plus $10,000,000.00 in punitive damages, for a total of $10,755,197.21. Attached hereto as Exhibit 5 is an Order of the Circuit Court of Maryland awarding $755,197.21, plus $10,000,000.00 in punitive damages, for a total of $10,755,197.21.

20. The USPS breached its contract with DPC by wrongly terminating the Original ICM Agreement.

## II. ARGUMENT

### A. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT I OF PLAINTIFF'S COMPLAINT SHOULD BE DENIED. THE ORIGINAL ICM AGREEMENT WAS IMPROPERLY TERMINATED BECAUSE MR. DUNBEBIN DID NOT HAVE ACTUAL OR APPARENT AUTHORITY TO TERMINATE THE ORIGINAL ICM AGREEMENT.

Mr. Dunbebin did not have actual or apparent authority to terminate the Original ICM Agreement. Normally, "third parties who interact with the principal through the agent will naturally and reasonably assume that the agent had authority to do acts consistent with the agent's position or role *except* when the third party has notice of facts suggesting that this may not be so." *Restatement (Third) of Agency* § 3.03 cmt. b (2006)(emphasis added).

The Respondent argues that Mr. Dunbebin had actual authority to execute the Original ICM Agreement and, therefore, he was "cloaked" with apparent authority to terminate it. An exception to this rule is when "circumstances indicate that the agent may be acting in fraud of the principal." *Brunner v. United States*, 70 Fed. Cl. 623, 628 (2006), citing *Restatement (Second) of Agency* § 166 cmt. c. (1958). When this exception applies, "the third party has the duty to use reasonable means to investigate the scope of the agent's authority."*Brunner*, at 629. The duty to inquire arises when

the facts and circumstances are such as to put him on inquiry, the transaction is "extraordinary", or the "novelty" of the situation alerts the third party to the danger of fraud. *Herbert Const. Co. v. Continental Insurance Co.*, 931 F.2d 989, 996 (1991)(citing cases).

In this case, USPS had notice of the following undisputed facts:

1. Mr. Dunbebin desired to terminate a three-year contract only after 36 days;

2. The ICM agreement permitted termination of the agreement only after a party seeking its termination provides six (6) months prior notice to the other party;

3. Mr. Dunbebin, purportedly as Vice-President of DPC, wanted to terminate DPC's contract and, on the same day, sign an ICM Agreement as the president of AMS;

4. DPC and AMC had the same corporate address; and

5. AMS was not operating for one year prior to USPS granting the ICM.

USPS had notice of the above facts 1 through 4 by virtue of dating and signing the two ICM agreements. The ICM agreements contained these facts within the body of the documents. USPS had notice of fact No. 5 because its own regulations, the International Mail Manual of 2002, requires a company seeking an ICM to have a minimum of one year of operation.

Mr. Alepa had notice of circumstances that indicate Mr. Dunbebin, a DPC employee, may have been plotting to divert funds from DPC to his own artificial company, AMS. And in fact, DPC was awarded judgment on DPC's claim of fraud against AMS and Mr. Dunbebin. Further, this transaction was extraordinary because the USPS effectively transferred the ICM agreement from a company clearly entitled to an ICM to a company that clearly was not. The transaction was "novel" in that the agent for DPC was also the agent for AMC and DPC and AMS had an identical address. The novelty of these facts should have alerted Mr. Alepa to the danger of fraud. With

knowledge of this information, it was not reasonable for Mr. Alepa, the "Manager, International Pricing/Cost Analysis" of the USPS, to rely upon Mr. Dunbebin's own representations that he had authority to terminate the Original ICM Agreement.

Under these circumstances, USPS had a duty to use reasonable means to determine Mr. Dunbebin's authority. USPS failed to make an inquiry to DPC regarding Mr. Dunbebin's actual authority to terminate the contract. If it had inquired, DPC would have stated that Mr. Dunbebin had no authority to terminate the Original ICM Agreement.

Mr. Dunbebin had no apparent authority to terminate the Original ICM Agreement, therfore, the USPS breached its contract with DPC when it terminated DPC's agreement.

## B. THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II.

The Plaintiff, Distribution Postal Consultants, Inc., voluntarily withdraws Count II of Plaintiff's Complaint against the United States. Therefore, Defendant's Motion for Summary Judgment as to Count II should be denied as moot.

## C. THE DEFENDANT'S MOTION TO DISMISS AS TO COUNT II.

The Plaintiff, Distribution Postal Consultants, Inc., voluntarily withdraws Count II of Plaintiff's Complaint against the United States. Therefore, Defendant's Motion to Dismiss as to Count II should be denied as moot.

## III. CONCLUSION

For the above stated reasons, Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied as to Count I, the Defendant's Motion for Summary Judgment and

Defendant's Motion to Dismiss be denied as to Count II.

Respectfully submitted,

Date: May 8th, 2008

/s/ Robert B. Scarlett
Robert B. Scarlett

Date: May 8th, 2008

/s/ Michael S. Myers
Michael S. Myers

Scarlett & Croll, P.A.
201 North Charles Street, Suite 600
Baltimore, Maryland 21201
410-468-3100

*Attorneys for Defendant*

**Certificate of Service**

I hereby certify that on this 8th day of May, 2008, a copy of the foregoing Plaintiff's Response to Defendant's Motion for Summary Judgment and, in the Alternative, Defendant's Motion to Dismiss, and Plaintiff's Motion for Summary Judgment was sent via first class mail, postage prepaid, to:

Mathew H. Solomson, Esquire
Trial Attorney
Commercial Litigation Branch
Civil Division, U. S. Department of Justice
Attn: Classification Unit, 8th floor
1100 L Street, N. W.
Washington, D.C. 20530

/s/ Michael S. Myers
Michael S. Myers

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **DISTRIBUTION POSTAL CONSULTANTS, INC.,** | * | |
| | * | |
| **Plaintiff,** | * | **Case No.: 08-17C** |
| **v.** | | **(Judge Bruggink)** |
| | * | |
| **THE UNITED STATES,** | * | |
| **Defendant.** | * | |

* * * * * * * * * * * * *

**DEFENDANT'S EXHIBIT LIST**

1. International Custom Mail Service Agreement between Distribution Postal Consultants, Inc. and the United States Postal Service.

2. Articles of Organization of American Mail Sort, LLC.

3. International Custom Mail Service Agreement between American Mail Sort and the United States Postal Service.

4. Excerpts from International Mail Manual of 2002.

5. Judgment and Order of the Circuit Court of Maryland for Baltimore City.

Exhibit 1

International Custom Mail Service Agreement between
Distribution Postal Consultants, Inc. and the United States Postal Service.

Exhibit 2

Articles of Organization of American Mail Sort, LLC.

Exhibit 3

International Custom Mail Service Agreement between American Mail Sort and the United States Postal Service.

Exhibit 4

Excerpts from International Mail Manual of 2002.

Exhibit 5

Judgment and Order of the Circuit Court of Maryland for Baltimore City.