| | | |
|---|---|---|
| **DISTRIBUTION POSTAL CONSULTANTS, INC.** | * | **IN THE** |
| Plaintiff | * | **CIRCUIT COURT** |
| vs. | * | **FOR** |
| **ROBERT ~~DUBEDIN~~ Dunbedin** Individually and doing business as **AMERICAN MAIL SORT** *et al.* | * | **BALTIMORE CITY** |
| | * | |
| Defendants & 3rd Party Plaintiffs | * | **Case No. 4C-04-007557** |
| vs. | * | |
| **LOUIS F. HABER, JR.** | * | |
| 3rd Party Defendant | * | |

* * * * * * * * * * * * *

RECEIVED

## JUDGMENT AND ORDER

This case was called for trial on the merits on December 12, 2005. The Defendants and 3rd Party Plaintiffs failed to appear. They had also failed to appear for the Pre-Trial Conference. They had also failed to respond to discovery, both a First Request for Production of Documents and a First Request for Admissions of Fact and Genuineness of Documents. Judgment on the merits was granted to the Plaintiff and testimony was taken and evidence was presented as to the nature and extent of its damages. Based upon the admissions of fact the Court also found that the Defendants and each of them had acted with malicious intent in an effort to damage the Plaintiff and seize control of its business. It is, therefore, this 13th day of December, 2005

**ORDERED**, that judgment be entered in favor of the Plaintiffs against the Defendants and each of them, jointly and severally, and [illegible] damages be awarded unto the Plaintiff in the amount of [illegible] Dollars ($755,147.31) against the Defendants and each of them, jointly and severally; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, prohibited from using the Plaintiff's manifest software and any and all modifications to it; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, directed to immediately surrender unto the Plaintiff, or to the Sheriff of Baltimore City acting on behalf of the

Plaintiff, the manifest software and any and all modifications to it; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, directed to immediately surrender unto the Plaintiff, or to the Sheriff of Baltimore City acting on behalf of the Plaintiff, their customer list and the status of all of their current business with each and every customer; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, prohibited from using the ICM that they wrongfully obtained from the United States Postal Service; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, directed to surrender the ICM, and all of the rights that they wrongfully obtained thereunder, unto the United States Postal Service; and, it is further

**ORDERED**, that, upon the Plaintiff's receipt of the said software, the Plaintiff shall be, and it is hereby, empowered to notify the Defendants', and each of their, customers of the wrongful acts of the Defendants; and, it is further

**ORDERED**, that the Defendants and each of them shall be, and they are hereby, immediately prohibited from using the manifest software and any and all modifications of it; from contacting any of their customers in any way that would be deemed detrimental to the interests of the Plaintiff; from selling, transferring, alienating, pledging or otherwise encumbering the manifest software and any and all modifications to it; as well as any selling, transferring, alienating, pledging or encumbering the assets or any part of their respective businesses in any way, nature or sort; and, it is further

**ORDERED**, that upon the judgment entered in favor of the Plaintiffs against the Defendants and each of them, jointly and severally, punitive damages shall be, and they are hereby, awarded unto the Plaintiff in the amount of Ten Million Dollars ($10,[illegible]) against the Defendants and each of them, jointly and severally; and, it is further

**ORDERED**, that upon the judgment and entry of the said punitive damages against the Defendants and each of them, jointly and severally, the costs of this matter, including the Plaintiff's

attorney's fees shall be, and they are hereby, awarded unto the Plaintiff in the amount of ______ ______ Dollars ($______) against the Defendants and each of them, jointly and severally; and, it is further

**ORDERED**, that upon the filing of a either a Motion to Vacate Judgment with this Court or an appeal to the Court of Special Appeals or Court of Appeals of Maryland by the Defendants or any of them, a supersedeas bond in the amount of ______ Dollars ($______), shall be filed with the Clerk of this Court.

**JOHN M. GLYNN**
Judge
The Judges's signature appears on the original document.

cc:

James B. Kraft, Esquire
Law Offices of James B. Kraft
445 S. Robinson Street
Baltimore, Maryland 21224
Attorneys for Plaintiff

Mr. Robert Dunbebin
Individually and as Resident Agent
for American Mail Sort *et al.*
3501 Brehms Lane
Suite B
Baltimore, Maryland 21213
*pro se* Defendants & 3rd Party Plaintiffs

TRUE COPY
TEST
FRANK M. CONWAY, CLERK

12-12-05

ORIGINAL

# INTERNATIONAL CUSTOMIZED MAIL SERVICE AGREEMENT BETWEEN THE UNITED STATES POSTAL SERVICE AND DISTRIBUTION POSTAL, INC.

This Agreement is between the United States Postal Service, an independent establishment of the United States government, and Distribution Postal, Inc. with offices at 6200 Frankford Ave., Baltimore, MD 21206-4902.

## ARTICLE 1. PURPOSE OF THE AGREEMENT

This Agreement shall govern the use Distribution Postal, Inc. shall have of International Customized Mail service for International Priority Airmail, International Surface Air Lift, and Global Bulk Economy.

## ARTICLE 2. DEFINITIONS

As used in this Agreement:

1. "United States" means the United States of America, its territories and possessions.
2. "USPS" means the United States Postal Service.
3. "Mailer" means Distribution Postal, Inc. with offices at 6200 Frankford Ave., Baltimore MD 21206-4902, its subsidiaries and agents.
4. "DMM" means the *Domestic Mail Manual* as published by the USPS from time to time.
5. "IMM" means the *International Mail Manual* as published by the USPS from time to time.
6. "ICM" means International Customized Mail, the bulk mailing system created by this Agreement, pursuant to which the USPS shall accept mail from the Mailer for international delivery.
7. "ICM Mail" means mail the Mailer tenders to the USPS pursuant to this Agreement.
8. "IPA" means International Priority Airmail Service as described in IMM 292.
9. "ISAL" means International Surface Air Lift Service as described in IMM 293.
10. "GBE" means Global Bulk Economy.
11. "ISC" means an International Service Center.
12. "Qualifying Mail" means ICM Mail that meets the requirements set forth in Article 3 of this Agreement.
13. "Non-Qualifying Mail" means ICM Mail that does not meet the requirements set forth in Article 3 of this Agreement.