IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **DISTRIBUTION POSTAL CONSULTANTS, INC.,** | * | |
| | * | |
| **Plaintiff,** | * | **Case No.: 08-17C** |
| **v.** | | **(Judge Bruggink)** |
| | * | |
| **THE UNITED STATES,** | * | |
| **Defendant.** | | |

* * * * * * * * * * * * *

**<u>PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT</u>**

Plaintiff, Distribution Postal Consultants, Inc., by its attorneys, Robert B. Scarlett, Michael S. Myers, and Scarlett & Croll, P.A., pursuant to RCFC 56(h)(1), respectfully submits its proposed findings of uncontroverted fact in support of its motion for summary judgment:

1. Distribution Postal Consultants, Inc., ("DPC") is in the business of producing, servicing and managing mail for its customer base for the purposes of sending mail throughout the country and throughout the world in the most economic manner. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 1.

2. For over twenty (20) years, Plaintiff or its predecessor has dealt with the United States ("Defendant") and has entered into numerous agreements with the Defendant for postal discounts on its mailing services, which discounts it passes along to its customer base, thus providing a service to its customers which permits its customers to mail, both domestically and internationally, its letter and packages for a postal rate less than the Defendant's normal postal rate. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 2.

3. By providing this postal service, DPC produces millions of dollars of mail for

Defendant, thus benefitting and profiting the Defendant. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 3.

4. An important and vital part of DPC's business operations is its international mail service, which comprises about fifty percent (50%) of the Plaintiff's total sales and is the Plaintiff's most profitable area of business. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 4.

5. On April 24, 2002, DPC and the United States Postal Service (the "USPS") entered into an International Customized Mail Service Agreement (the "Original ICM Agreement"), which had a term of three years and permits DPC to mail international mail at a specific percentage discount of sixteen percent (16%), provided that DPC places with the USPS at least $25,000,000.00 of actual postal on an annualized basis. Plaintiff's Motion for Summary Judgment, Exhibit 1 and Exhibit 6, Paragraph 5.

6. Mr. John Alepa ("Alepa"), the Manager of International Pricing/Cost Analysis for USPS, executed the Original ICM Agreement on behalf of the USPS. Plaintiff's Motion for Summary Judgment, Exhibit 1, p. 7 of 7 and Exhibit 6, Paragraph6.

7. Article 6, Section 5 of the Original ICM Agreement ( Ex. 1) permits either party to terminate the agreement only after providing the other party six (6) months notice in writing. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 7.

8. DPC expressly authorized its agent, Mr. Robert Dunbebin, the Vice-President of DPC at that time, to execute the agreement on behalf of DPC. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 8.

9. On the same day, Mr. Dunbebin formed American Mail Sort, LLC, ("AMS") in

which Mr. Dunbebin is the sole member and President. Plaintiff's Motion for Summary Judgment, Exhibit 2 and Exhibit 6, Paragraph 9.

10. Between April 24, 2002 and May 30, 2002, Mr. Dunbebin approached Mr. Alepa and requested that the Original ICM Agreement be terminated and requested that the USPS enter into a new ICM with his newly-formed company, AMS ("AMS ICM Agreement"). Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 10.

11. On May 30, 2002, after only 36 days into the three-year agreement, USPS terminated the agreement between DPC and the USPS upon Mr. Dunbebin's request and Mr. Alepa, on behalf of the USPS, signed a new ICM with AMS ("AMS ICM Agreement"). Plaintiff's Motion for Summary Judgment, Exhibit 3 and Exhibit 6, Paragraph 11.

12. AMS was not qualified for a ICM Agreement with the USPS pursuant to Section 623.2 of the International Mail Manual of 2002 requiring "a minimum of one year of experience as an international or domestic mail consolidator, presorter, or letter shop." Plaintiff's Motion for Summary Judgment, Exhibit 4 and Exhibit 6, Paragraph 12.

13. The business address of DPC listed in the Original ICM Agreement is identical to the address of AMS in the AMS ICM Agreement. *See* Exhibit 1, p. 6 of 7 (Indicating that notices be sent to "7914 E. Baltimore St., Baltimore Md 21224") and Exhibit 3, p. 1(indicating AMS's offices are at "7914 East Baltimore Street, Baltimore, MD 21224-2010"). Plaintiff's Motion for Summary Judgment, Exhibit 1, Page 6 of 7, Exhibit 3, Page 1 , and Exhibit 6, Paragraph 13.

14. At no time did DPC authorize, expressly or implicitly, Mr. Dunbebin to terminate the Original ICM Agreement. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 14.

15. At no time did DPC ratify the termination of the Original ICM Agreement. Plaintiff's

Motion for Summary Judgment, Exhibit 6, Paragraph 15.

16. Beginning in June of 2002, Mr. Dunbebin secretly changed the license number issued to DPC pursuant to the Original ICM Agreement to the license number issued to AMS. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 16.

17. The AMS license number was used to stamp all the mail that was processed in DPC's mail processing facility, thus all the mail processed at DPC's facility from May of 2002 to May of 2004 was posted to the account of AMS rather than the account of DPC. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 17.

18. DPC was unaware that its ICM was invalid until May of 2004. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 18.

19. Due to this "rerouting" of the postal traffic from DPC to AMS, DPC was unable to meet its minimum $25,000,000.00 in postal revenue. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 19.

20. In October of 2004, DPC filed a complaint against AMS and Robert Dunbebin alleging they fraudulently diverted funds from DPC to AMS. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 20.

21. On December 12, 2005, Plaintiff received a default judgment from the Circuit Court of Maryland against AMS and Robert Dunbebin, jointly and severally, in the amount of $755,197.21, plus $10,000,000.00 in punitive damages, for a total of $10,755,197.21. Plaintiff's Motion for Summary Judgment, Exhibit 5 and Exhibit 6, Paragraph 21.

22. DPC has been monetarily harmed by the termination of the Original ICM Agreement. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 22.

23. Plaintiff, at all times, performed its obligations, conditions and agreements imposed by the Original ICM Agreement good faith and in fair dealing. Plaintiff's Motion for Summary Judgment, Exhibit 6, Paragraph 23.

Respectfully submitted,

Date: June 18, 2008

/s/ Michael S. Myers
Michael S. Myers
SCARLETT & CROLL, P.A.
201 N. Charles Street, Suite 600
Baltimore, Maryland 21201
Tel: (410) 468-3100

*Counsel for Plaintiff*

**Certificate of Service**

I hereby certify that on this 18th day of June, 2008, a copy of the foregoing Plaintiff's Response to Defendant's Motion for Summary Judgment and, in the Alternative, Defendant's Motion to Dismiss, and Plaintiff's Motion for Summary Judgment was sent via first class mail, postage prepaid, to:

Mathew H. Solomson, Esquire
Trial Attorney
Commercial Litigation Branch
Civil Division, U. S. Department of Justice
Attn: Classification Unit, 8th floor
1100 L Street, N. W.
Washington, D.C. 20530

/s/ Michael S. Myers
Michael S. Myers