**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| Distribution Postal Consultants, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-17C |
| | ) | (Judge Bruggink) |
| v. | ) | |
| | ) | |
| The United States, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, DEFENDANT'S MOTION TO SUSPEND BRIEFING SCHEDULE OR, IN THE ALTERATIVE, DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

On March 31, 2008, defendant, the United States, filed a motion respectfully requesting this Court to grant summary judgment to the United States, pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"). On May 8, 2008, plaintiff, Distribution Postal Consultants, Inc. ("DPC"), filed its response brief in opposition to our March 31, 2008 motion. DPC did not cross-move for summary judgment. We filed our reply brief in support of our motion for summary judgment on June 6, 2008.

Notwithstanding that oral argument on our motion tentatively was scheduled for July 30, 2008, DPC filed, on June 18, 2008, a motion for summary judgment. We respectfully request that this Court strike DPC's motion for summary judgment because, despite its caption, DPC's motion is nothing more than a new brief in opposition to the Government's summary judgment motion. Alternatively, we request that this Court suspend the briefing schedule with respect to DPC's motion until after the Court hears argument and rules upon our fully-briefed motion. Finally, in the alternative, we request an enlargement of time until August 29, 2008 within which to file our opposition in response to DPC's motion. Plaintiff declined to indicate whether it would oppose our request for an enlargement of time.

## I. The Court Should Strike DPC's Motion For Summary Judgment

DPC's motion for summary judgment does nothing more than reiterate its response to our motion for summary judgment. DPC's motion focuses exclusively on the argument that "defendant could not rely on the 'apparent' authority of Mr. Dunbebin." See DPC Mot. at 6-8. DPC's motion should be stricken because DPC already has filed its opposition brief, and the time to file such a brief, in any event, has long since passed. See Assoc. of Irritated Residents v. C & R Vanderham Dairy, 2007 WL 2815038, *28 (E.D. Cal. Sept. 25, 2007) (striking "crossmotion for summary judgment [where it] raises no new argument and merely repeats, albeit at greater length, the arguments set forth in their opposition to [a] motion for summary judgment").

Also, DPC appears to have filed its motion for summary judgment based upon the assumption that DPC should be granted summary judgment as a matter of course if DPC succeeds in opposing the Government's motion. See DPC's Mot. at 6 ("The primary issue in this case is the legal status of Mr. Dunbebin, the individual upon whose representations USPS relied upon to terminate the contract."). DPC's assumption is erroneous. "The fact that both the parties have moved for summary judgment does not mean that the court must grant summary judgment to one party or the other. Cross-motions are no more than a claim by each party that it alone is entitled to summary judgment, and the court must evaluate each motion on its own merits, taking care in each instance to view the evidence in favor of the nonmoving party." Bubble Room, Inc. v. United States, 159 F.3d 553, 561 (Fed. Cir. 1998) (citing Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1391 (Fed.Cir.1987)).

Thus, even if this Court were to deny our motion for summary judgment, DPC would not be automatically entitled to summary judgment. Rather, DPC must carry its own burden to demonstrate that it is entitled to summary judgment. DPC, however, makes no attempt in its motion for summary judgment to do anything other than to respond to the defenses raised in our motion.

Although DPC recites the elements of a breach of a contract claim, see DPC Mot. at 8-9, DPC does not attempt to demonstrate that it is entitled to judgment as a matter of law. DPC, in that regard, appears to assume that it need not present such evidence because "USPS has not contested in its papers filed in this proceeding any material facts presented by DPC . . . ." DPC Mot. at 5. But, that claim is a non-sequitur because: (1) the Government "treat[ed] the facts alleged in plaintiff's complaint as true solely for the purpose of our motion to dismiss" (see Def. Mot. at 2 n.1); and (2) the Government, in moving for summary judgment upon DPC's breach of contract claim, need not agree to, or otherwise concede, the existence of a contract, or any other fact that DPC had alleged. Moreover, DPC arguably was required to support its breach of contract claim in DPC's opposition to our motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986), and explaining that a "moving party is 'entitled to a judgment as a matter of law'" where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof").

In sum, DPC's labeling of its latest filing as a motion for summary judgment does not make it so. Because DPC's "motion" is nothing more than an additional response to our motion for summary judgment, DPC's filing is improper and untimely, and should be stricken.

## II. In The Alternative, The Court Should Stay Further Briefing On DPC's Motion For Summary Judgment Until After The Court Decides The Government's Motion

Our motion for summary judgment is fully briefed and oral argument on that motion already has been tentatively scheduled. Accordingly, the Government should not be forced to respond comprehensively to plaintiff's motion at this juncture. That is, should the Court treat DPC's filing as a proper motion for summary judgment, we would require additional time not only to investigate whether a valid contract existed between the parties, but also all of the factual claims made by DPC. Moreover, the Government would also be required to investigate and research all of its possible affirmative defenses. See Diversey Lever, Inc. v. Ecolab, Inc., 191 F.3d 1350, 1353 (Fed. Cir. 1999) (citing United Coal Miners Workers of America 1974 Pension v. Pittston Co., 984 F.2d 469, 478 (D.C. Cir. 1993), for the proposition that "an affirmative defense must be raised in response to a summary judgment motion, or it is waived"). In that regard, the Government may need additional to time to prepare and to file a motion pursuant to RCFC 56(f) to obtain discovery, a course of action DPC elected not to pursue with respect to our motion for summary judgment.

In sum, DPC could have filed a timely cross-motion for summary judgment or a motion for limited discovery pursuant to RCFC 56(f). DPC failed to do so, and the Government should not be required to invest additional resources in this case, particularly when the Government's dispositive motion is fully briefed, and DPC's latest filing does not contain any new information or facts beyond the assertions in its complaint or its arguments in opposition to our motion for

summary judgment.[1] Accordingly, we respectfully ask the Court to suspend further briefing on DPC's motion until after the Court has had the opportunity to hear oral argument and to decide our fully-briefed motion for summary judgment.

III. In The Alternative, We Respectfully Request An Enlargement Of Time Within Which To File Our Opposition to DPC's Motion For Summary Judgment

Finally, should this Court deny our motion to strike and our alternative motion to suspend, we respectfully request an enlargement of time of 39 days, to and including August 29, 2008, within which to file our opposition in response to DPC's motion. Our response is currently due July 21, 2008. Counsel for DPC declined to indicate whether DPC would oppose our motion, in the alternative, for an enlargement of time.

An enlargement of time is necessary because undersigned counsel of record will be out of the office from July 12-25, 2008. Moreover, between now and July 11, 2008, undersigned counsel of record has multiple filings due in other cases, including at least two briefs in cases pending before the United States Court of Appeals for the Federal Circuit, in addition to other tasks that must be completed in cases pending before this Court.

---

[1] We note that DPC, even in its latest filing, continues to fail to address a number of our other arguments – aside from the apparent authority of Mr. Dunbebin – that are fatal to DPC's case. See Def. Reply at 14-16 (discussing "several additional problems fatal to DPC's complaint here"). For example, with respect to Mr. Dunbebin's authority, we argued not only that the Government was entitled to rely upon his apparent authority but also that "there is no evidence that Mr. Dunbebin's actual authority had been revoked as of the time he signed the termination amendment." Def. Reply at 12. In the Affidavit of Louis F. Haber, Jr., filed by DPC in support of its motion for summary judgment, DPC concedes that Mr. Dunbebin served as the company's vice-president, but nowhere does Mr. Haber assert that Mr. Dunbebin had been removed from his position when he signed the termination amendment. Haber Affidavit at ¶ 8. Although Mr. Haber asserts that DPC did not authorize Mr. Dunbebin to terminate the original ICM agreement, see id. at ¶ 14, that merely begs the question whether Mr. Dunbebin, as vice-president of DPC, had such actual authority by virtue of his position. See Def. Reply at 12 (discussing Brunner v. United States, 70 Fed. Cl. 623 (2006)).

**CONCLUSION**

For all of the above reasons, we respectfully request the Court to strike DPC's motion for summary judgment or, in the alternative, either to suspend further briefing of DPC's motion until after the Court decides the Government's motion for summary judgment, or to grant an enlargement of time for the Government to respond.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Matthew H. Solomson
MATTHEW H. SOLOMSON
Trial Attorney, Commercial Litigation Branch
Civil Division, U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3274

June 20, 2008

Counsel for Defendant